**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Supreme Court

In the Matter of the Care and Treatment of James Lewis Williford, Respondent.

Appellate Case No. 2024-001782

---

Appeal from Anderson County
R. Scott Sprouse, Circuit Court Judge

---

Memorandum Opinion No. 2026-MO-013
Submitted November 17, 2025 – Filed June 17, 2026

---

**AFFIRMED**

---

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Christopher Runyan, both of Columbia, for Petitioner.

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Respondent.

David Allen Chaney and Meredith Dyer McPhail, of Columbia, as Amicus Curiae for The American Civil Liberties Union of South Carolina.

---

**PER CURIAM:** Following a trial, Petitioner James Williford was civilly committed in accordance with the Sexually Violent Predator Act. *See generally* S.C. Code Ann. §§ 44-48-10 to -180 (2018). Williford appealed, and the court of appeals reversed

and remanded for a new commitment proceeding, finding the circuit court erred in admitting the results of Williford's penile plethysmography test (PPG) because the test is inherently unreliable. *See In re Care & Treatment of Williford*, Op. No. 2024-UP-270 (S.C. Ct. App. filed July 24, 2024). We granted a writ of certiorari to review the court of appeals' decision and now affirm in line with our recent decision in *In re Care & Treatment of Hyman*, Op. No. 28330 (S.C. Sup. Ct. filed May 13, 2026) (Howard Adv. Sh. No. 18 at 37).[1] We therefore remand this case for a new commitment trial consistent with the guidance provided in *Hyman*.

**AFFIRMED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**

---

[1] Like the court of appeals, we do not find the error in admitting Williford's PPG results was harmless beyond a reasonable doubt.